# Supreme Court of Florida

—————

No. SC2024-0774

—————

## IN RE: AMENDMENTS TO FLORIDA RULES OF CIVIL PROCEDURE.

February 6, 2025

PER CURIAM.

The Florida Bar's Civil Procedure Rules Committee filed a report proposing amendments to Florida Rules of Civil Procedure 1.070 (Process), 1.410 (Subpoena), 1.550 (Executions and Final Process), 1.560 (Discovery in Aid of Execution), and 1.730 (Completion of Mediation).[1]  The Committee and The Florida Bar's Board of Governors approved the proposed amendments.  The Court published the proposal, and two comments were received.  The Committee filed a response to the comments but did not propose additional amendments.

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

We adopt the amendments as proposed. The more significant amendments are discussed below.

We amend rules 1.070, 1.410, and 1.550 to remove the word praecipe and other overly formal technical legal terminology. Additionally, we amend rule 1.730 to delete the requirement that counsel for each party must sign a court-ordered mediation agreement, as this is not required by the mediation statute (§ 44.404, Florida Statutes), and to allow a party's representative having full authority to settle under rule 1.720(c) (Mediation Procedures; Party Representative Having Full Authority to Settle) to sign in place of the party.

The Court hereby amends the Florida Rules of Civil Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments to the rules shall become effective April 1, 2025, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure

Cosme Caballero, Chair, Civil Procedure Rules Committee, Miami, Florida, Judson Lee Cohen, Past Chair, Civil Procedure Rules Committee, Miami Lakes, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

     for Petitioner

Joshua E. Burnett and Mackenzie F. Rocha of Burnett Law, P.A., Tampa, Florida; and Ana Cristina Maldonado, Chair, Alternative Dispute Resolution Section of The Florida Bar on behalf of the Executive Council, Davie, Florida,

     Responding with comments

**APPENDIX**

**RULE 1.070.   PROCESS**

**(a)   Summons; Issuance.** On the commencement of the action, summons or other process authorized by law must be promptly issued ~~forthwith~~ by the clerk or judge under the clerk's or the judge's signature and the seal of the court and delivered for service ~~without praecipe~~.

**(b)   Service; By Whom Made.** Service of process may be made by an officer authorized by law to serve process, but the court may appoint any competent person not interested in the action to serve the process. ~~When so appointed, t~~The person serving process must make proof of service by affidavit promptly and in any event within the time during which the person served must respond to the process. Failure to make proof of service will not affect the validity of the service. When any process is returned not executed or returned improperly executed for any defendant, the party causing its issuance ~~must be entitled to such~~is entitled to any additional process against the unserved party as is required to effect service.

**(c)   Service; Numerous Defendants.** If ~~there is~~more than 1 defendant is named, the clerk or judge must issue as many writs of process against the several defendants as may be directed by the plaintiff or the plaintiff's attorney.

**(d)**   [No Change]

**(e)   Copies of Initial Pleading for Persons Served.** At the time of personal service of process, a copy of the initial pleading must be delivered to the party on whom service is made. The date and hour of service must be endorsed on the original process and all copies of it by the person making the service. The party seeking to effect personal service must ~~furnish~~provide the person making service with the necessary copies. When the service is made by publication, copies of the initial pleadings must be ~~furnished~~provided to the clerk and mailed by the clerk with the

notice of action to all parties whose addresses are stated in the initial pleading or sworn statement.

**(f) – (h)**   [No Change]

**(i)   Service of Process by Mail.** A defendant may accept service of process by mail.

(1)   ~~Acceptance of~~Accepting service of a complaint by mail does not ~~thereby~~ waive any objection to the venue or to the jurisdiction of the court over ~~the person of~~ the defendant.

(2)   A plaintiff may notify any defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request must:

(A) – (B)   [No Change]

(C)   be accompanied by a copy of the complaint and ~~must~~ identify the court in which it has been filed;

(D) – (F)   [No Change]

(G)   provide the defendant with an extra copy of the notice and request, including the waiver, ~~as well as~~and a prepaid means of compliance in writing.

(3)   If a defendant fails to comply with a request for waiver within the time provided ~~herein~~, the court must impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure is shown.

(4)   A defendant who, before being served with process, timely returns a waiver ~~so requested~~ is not required to respond to the complaint until 60 days after the date the defendant received the request for waiver of service. For purposes of computing any time prescribed or allowed by these rules, service of process will be deemed effected 20 days before the time required to respond to the complaint.

(5)   [No Change]

**(j)**    [No Change]

**Committee Notes**

[No Change]

### RULE 1.410.    SUBPOENA

**(a)**    [No Change]

**(b)    Subpoena for Testimony before the Court.**

(1)    [No Change]

(2)    On oral request of an attorney or party ~~and without praecipe~~, the clerk must issue a subpoena for testimony before the court or a subpoena for the production of documentary evidence before the court signed and sealed but otherwise in blank, both as to the title of the action and the name of the person to whom it is directed, and the subpoena must be filled in before service by the attorney or party.

**(c)    For Production of Documentary Evidence.** A subpoena may also command the person to whom it is directed to produce the books, documents (including electronically stored information), or <u>designated</u> tangible things ~~designated therein~~, but the court, ~~upon~~ motion made promptly and in any event at or before the time specified in the subpoena for compliance ~~therewith~~, may<u>:</u>

(1)__quash or modify the subpoena if it is unreasonable and oppressive, or

(2)__condition denial of the motion on the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, documents, or tangible things.

If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a

form or forms in which it is ordinarily maintained or in a reasonably usable form or forms. A person responding to a subpoena may object to discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue costs or burden. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought or the form requested is not reasonably accessible because of undue costs or burden. If that showing is made, the court may nonetheless order discovery from ~~such~~the sources or in ~~such~~the forms requested if the requesting party shows good cause, considering the limitations set out in rule 1.280(e)(2). The court may specify conditions of the discovery, including ordering that some or all of the expenses of the discovery be paid by the party seeking the discovery. A party seeking a production of evidence at trial ~~which~~that would be subject to a subpoena may compel ~~such~~ production by serving a notice to produce ~~such~~the evidence on an adverse party as provided in Florida Rule of General Practice and Judicial Administration 2.516. ~~Such~~The notice ~~shall~~ ha~~ve~~s the same effect and ~~be~~is subject to the same limitations as a subpoena served on the party.

**(d)** **Service.** A subpoena may be served by any person authorized by law to serve process or by any other person who is not a party and who is not less than 18 years of age. Service of a subpoena on a person named within must be made as provided by law. The ~~P~~proof of ~~such~~ service must be made by affidavit of the person making service except as applicable under rule 1.351(c) for the production of documents and things by a nonparty without deposition, if not served by an officer authorized by law to do so.

**(e)** **Subpoena for Taking Depositions.**

(1) Filing a notice to take a deposition as provided in rule 1.310(b) or 1.320(a) with a certificate of service ~~on it~~ showing service on all parties to the action ~~constitutes an authorization for the issuance of subpoenas for the persons named or described in the notice by the clerk of the court in which the action is pending or by an attorney of record in the action~~authorizes the clerk or any attorney of record to issue subpoenas to persons named in the

notice. The subpoena must state the method for recording the testimony. A party intending to audiovisually record a deposition must state in the subpoena that the deposition is to be audiovisually recorded and identify the method for audiovisually recording the deposition, including, if applicable, the name and address of the operator of the audiovisual recording equipment. If a party intends to take a deposition by communication technology, the subpoena must state the deposition is to be taken using communication technology, identify the specific form of communication technology to be used, and provide instructions for access to the communication technology. The subpoena may command the person to whom it is directed to produce designated books, documents, or tangible things that constitute or contain evidence relating to any of the matters within the scope of the examination permitted by rule 1.280(b)(c), but in that event the subpoena will be subject to the provisions of rule 1.280(d) and subdivision (c) of this rule. Within 10 days after its service, or on or before the time specified in the subpoena for compliance if the time is less than 10 days after service, the person to whom the subpoena is directed may serve a written objection to inspecting or copying of any of the designated materials. If objection is made, the party serving the subpoena shallwill not be entitled to inspect and copy the materials except pursuant tounder an order of the court from which the subpoena was issued. If objection has been made, the party serving the subpoena may move for an order at any time before or during the taking of the deposition on notice to the deponent.

(2)    A person may be required to attend an examination only in the county wherein the person resides or is employed or transacts business in person or at such another convenient place as may be fixed by an order of court.

**(f)    Contempt.** Failure by any person without adequate excuse to obey a subpoena served on that person may be deemed ain contempt of the court from which the subpoena issued.

**(g)    Depositions before Commissioners Appointed in this State by Courts of Other States; Subpoena Powers; etc.** When

any person authorized by the laws of Florida to administer oaths is appointed by a court of record of any other state, jurisdiction, or government as commissioner to take the testimony of any named witness within this state, that witness may be compelled to attend and testify before that commissioner by witness subpoena issued by the clerk of any circuit court at the instance of that commissioner or by other process or proceedings in the same manner as if that commissioner had been appointed by a court of this state; provided that no document ~~shall~~will be compulsorily annexed as an exhibit to ~~such~~the deposition or otherwise permanently removed from the possession of the witness producing it, but in ~~lieu thereof~~its place, a photostatic copy may be annexed to and transmitted with ~~such~~the executed commission to the court of issuance.

**(h)** [No Change]

### Committee Notes

[No Change]

## RULE 1.550. EXECUTIONS AND FINAL PROCESS

**(a)** **Issuance.** Executions on judgments ~~shall~~must issue during the life of the judgment on the oral request of the party entitled to it or that party's attorney ~~without praecipe~~. No execution or other final process ~~shall~~will issue until the judgment on which it is based has been recorded ~~nor within~~and the time for serving a motion for new trial or rehearing~~,~~ has run. ~~and if~~If a motion for new trial or rehearing is timely served, no execution or other final process will issue until it is determined~~; provided e~~. Execution or other final process may be issued on special order of the court at any time after judgment.

**(b)** **Stay.** The court before which an execution or other process based on a final judgment is returnable may stay ~~such~~the execution or other process and suspend the proceedings ~~thereon~~ for good cause on motion and notice to all adverse parties.

- 9 -

**RULE 1.560.   DISCOVERY IN AID OF EXECUTION**

**(a)**   [No Change]

**(b)   Fact Information Sheet.** In addition to any other discovery available to a judgment creditor under this rule, the court, at the request of the judgment creditor, ~~shall~~must order the judgment debtor or debtors to complete form 1.977, including all required attachments, within 45 days of the order or ~~such~~ other reasonable time as determined by the court. Failure to obey the order may be considered contempt of court.

**(c)   Final Judgment Enforcement Paragraph.** In any final judgment, the judge ~~shall~~must include the following enforcement paragraph if requested by the prevailing party or attorney:

"It is further ordered and adjudged that the judgment debtor(s) ~~shall~~must complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on the judgment creditor's attorney, or the judgment creditor if the judgment creditor is not represented by an attorney, within 45 days from the date of this final judgment, unless the final judgment is satisfied or post-judgment discovery is stayed.

Jurisdiction of this case is retained to enter further orders that are proper to compel the judgment debtor(s) to complete form 1.977, including all required attachments, and serve it on the judgment creditor's attorney, or the judgment creditor if the judgment creditor is not represented by an attorney."

**(d)   Information Regarding Assets of Judgment Debtor's Spouse.** In any final judgment, if requested by the judgment creditor, the court ~~shall~~must include the additional Spouse Related Portion of the fact information sheet ~~upon~~ a showing that a proper predicate exists for discovery of separate income and assets of the judgment debtor's spouse.

## Committee Notes

[No Change]

## RULE 1.730.   COMPLETION OF MEDIATION

(a)   **No Agreement.** If the parties do not reach an agreement as to any matter as a result of mediation, the mediator ~~shall~~must report the lack of an agreement to the court without comment or recommendation. With the consent of the parties, the mediator's report may also identify any pending motions or outstanding legal issues, discovery process, or other action by any party which, if resolved or completed, would facilitate the possibility of a settlement.

(b)   **Agreement.** If a partial or final agreement is reached, it must be reduced to writing and signed by ~~the~~each part~~ies~~y ~~and their counsel, if any~~or the party's representative having full authority to settle under rule 1.720(c). Signatures may be original~~,~~ or electronic~~, or facsimile~~ and may be in counterparts. The agreement must be filed when required by law or with the parties' consent. A report of the agreement must be submitted to the court or a stipulation of dismissal will be filed. By stipulation of the parties, the agreement may be transcribed or electronically recorded. In such event, the transcript may be filed with the court. The mediator must report the existence of the signed or transcribed agreement to the court without comment within 10 days ~~thereof~~. No partial or final agreement under this rule may be reported to the court except as provided ~~herein~~in this rule.

(c)   **Enforceability.** The parties may not object to the enforceability of an agreement on the ground that communication technology was used for participation in the mediation conference if ~~such~~the use was authorized under rule 1.700(a).

(d)   **Imposition of Sanctions.** In the event of any breach or failure to perform under the agreement, the court ~~upon~~ motion may impose sanctions, including costs, attorneys' fees, or other

appropriate remedies including entry of judgment on the agreement.

## Committee Notes

[No Change]